1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JACOB GLASSER, on Behalf of
Himself and All Others Similarly
Situated and On Behalf of the General
Public,

                    Plaintiff,

        v.

VOLKSWAGEN OF AMERICA, INC.,
and DOES 1 through 100, inclusive,

                    Defendants.
_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:   CV06-2562 ABC (JTLx)

**CLASS ACTION**

**[PROPOSED] ORDER AND
FINAL JUDGMENT PURSUANT
TO RULE 54(b), Fed. R. Civ. P.**

Judge: Honorable Audrey B. Collins
Ctrm:  680, Roybal Federal Bldg.

1        Having considered the Agreement of Settlement filed April 30, 2008,

2   including the exhibits annexed thereto (Docket No. 39) (the "Agreement"); the

3   Class Action Settlement Notice ("Notice") having been duly given in accordance

4   with the prior Order of this Court; having given preliminary approval of the

5   Settlement as fair and adequate and directing notice to the Class; and pursuant to

6   such notice a fairness hearing having been held on September 22, 2008 for the

7   purpose of determining whether the terms of the Agreement are fair, reasonable

8   and adequate and should be approved by the Court in full settlement of the above-

9   captioned Litigation; having heard the attorneys for the Parties in support of the

10  Agreement and having considered all objections submitted to the Court; and upon

11  all papers filed and proceedings had herein and otherwise being fully informed;

12  and good cause having been demonstrated to this Court's satisfaction under the

13  standards of applicable law and Federal Rules of Civil Procedure, in particular the

14  requirements of Rule 23, Fed. R. Civ. P. and the Court finding no just reason for

15  delay pursuant to Rule 54(b), Fed. R. Civ. P.:

16       It is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

17       1.    This Court has jurisdiction to enter this Order and Final Judgment of

18  dismissal.  The Court has jurisdiction over the subject matter of this action

19  ("Litigation") and over all Parties to the Litigation, including all Members of the

20  Class.

21       2.    This Judgment hereby incorporates by reference the definitions in

22  the Agreement,  and all terms used herein shall have the same meanings as set

23  forth in the Agreement.

24       3.    The Court hereby approves the terms of the Agreement, which are

25  incorporated herein for all purposes, as fair, reasonable and adequate, with the

26  exception of attorneys' fees, costs, interest and expenses and incentive payment

27  issues reserved for later decision pursuant to the provisions of paragraphs 15 and

28  

1

1   16, *infra*, and the Order of this Court entered September 22, 2008 (Docket No.

2   58).

3          4.      The Court finds, for purposes of implementation of the Agreement

4   only, as follows:  the Class defined in paragraph 8 below is so numerous that

5   joinder of all members is impracticable; there are questions of law or fact

6   common to the Class; the claims of the Representative Plaintiff are typical of the

7   claims of the Class; the Representative Plaintiff has fairly and adequately

8   protected the interests of the Class; questions of law or fact arising in the

9   implementation of the Agreement common to the Class Members predominate

10  over questions of law or fact arising in the implementation of the Agreement

11  affecting only individual Class Members; and certification of the Class for

12  purposes of implementing the Agreement only is superior to other available

13  methods for the fair and efficient administration of the controversy.

14         Specifically, the Court finds that the Representative Plaintiff satisfies all of

15  the applicable criteria for class certification under Federal Rule of Civil Procedure

16  23(b)(3) and the United States Supreme Court's decision in *Amchem Products*,

17  *Inc. v. Windsor*, 521 U.S. 591 (1997), in the context of settlement.  The Court

18  finds that the Class Members are so numerous that joinder of all Class Members

19  is impracticable; that common questions of law and fact predominate over

20  questions affecting only individual Class Members; that the Representative

21  Plaintiff's claims are typical of the claims of the Class; that the Representative

22  Plaintiff and his counsel have fairly and adequately represented and protected the

23  interests of all Class Members; and that a class action is superior to other

24  available methods for the fair and efficient adjudication of the controversy.

25         The numerosity requirement is met because the proposed Class comprises

26  over 3 million Members throughout the United States who purchased or leased

27  model year 2007 and earlier Volkswagen and/or Audi vehicles distributed by

28                                                                                    2

Volkswagen of America, Inc. for sale in the United States and which are equipped or furnished with keys or functionally similar devices which lock and unlock any door, hatch or operational system on a vehicle (*e.g*., ignition, steering, braking, engine management, etc.) in whole or in part through the matching of electronically stored codes or other data strings which are uniquely applicable to a specific vehicle, and it is wholly impracticable, if not impossible, to join individual members of a class of this size and geographic dispersion.  *See* Fed . R. Civ. P. 23(a)(1); *Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 102 F.R.D. 457, 461 (N.D. Cal. 1983) (numerosity generally met if the class consists of more than 40 members).

The commonality requirement is met because in the absence of class certification and settlement, individual Class Members could be forced to litigate core common issues of law and fact, all relating to disclosures concerning Volkswagen and/or Audi Smart Keys, and the Defendant's alleged common course of conduct in relation to the Members of the Class.  *See* Fed. R. Civ. P. 23(a)(2); *Hanlon v. Chrysler Corp*., 150 F. 2d 1011, 1019 (9th Cir. 1998).

The typicality requirement is satisfied because the Class Members' claims all arise from the same alleged events and alleged course of conduct and are based on the same legal theory.  *See* Fed. R. Civ. P. 23(a)(3); *In re United Energy Corp. Solar Power Modules Tax Shelter Invs. Sec. Litig*., 122 F.R.D. 251, 256 (C.D. Cal. 1988) ("*United Energy*").

The adequacy of representation requirement is met here because the Representative Plaintiff has the same interests as all Members of the Class and is represented by experienced and competent counsel.  *See* Fed. R. Civ. P. 23(a)(4); *United Energy*, 122 F.R.D. at 257.

The Court further finds that common questions predominate over individual issues in this action.  *See* Fed. R. Civ. P. 23(b)(3); *Hanlon*, 150 F.3d at

3

1022.  The Court also finds that class treatment is superior to other means of resolving the instant dispute, because employing the class device here will conserve the resources of the judicial system and preserve public confidence in the integrity of the system by avoiding the waste and delay of repetitive proceedings and preventing the inconsistent adjudications of similar issues and claims.  *See Hanlon*, 150 F.3d at 1023.

5.     Only 29 of the over 3,002,135 Class Members – 9.6 ten thousandths of a percent  (.00096%) of the total Class – have filed objections.  These objections to the Settlement have been considered and overruled.  Further, consistent with obligations under the Class Action Fairness Act, 28 U.S.C. §1715, "appropriate federal officials" and "appropriate state officials" were notified of the Settlement.  Not one of the appropriate federal or state officials has objected.

6.     Based on the above findings, the Court therefore orders that the Class, as defined in paragraph 8 below, be certified for settlement purposes only under Fed. R. Civ. P. 23, and directs consummation of all terms and provisions of the Agreement.  The Court has not determined, and this Order and Final Judgment shall not constitute any finding or determination or evidence that this action could properly have been litigated on behalf of any class.

7.     Notice has been given to all Class Members known and reasonably identifiable in satisfaction of the requirements of applicable law.  The form, content and method of dissemination of notice given to the Class Members as set forth in the Notice and Summary Notice as provided for in the Order Preliminarily Approving Settlement and Notice were adequate and reasonable and constituted the best notice practicable under the circumstances and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

///

4

8.     The Class is defined as:

All current owners of record and/or lessees of model year 2007 and earlier Volkswagen and/or Audi vehicles equipped with vehicle "immobilizer" technology distributed by Volkswagen of America, Inc. for sale in the United States which are equipped or furnished with keys or functionally similar devices needed to enter, start and operate a vehicle through the matching of electronically stored codes or other data strings which are uniquely applicable to a specific vehicle (hereinafter "SMART KEYS").  Excluded from the Class are Defendant's employees, officers and directors and Defendant's legal representatives, successors and assigns.

9.     The action is dismissed with prejudice as to all Class Members who did not request exclusion from the Class in the time and manner provided in the Notice.

10.     Volkswagen Group of America, Inc., sued hereunder under its former name "Volkswagen of America, Inc.," Audi of America LLC, AUDI AG, a corporation organized and existing under the law of the Federal Republic of Germany, Volkswagen AG, a corporation organized and existing under the law of the Federal Republic of Germany, their present or former officers, directors, employees, agents, heirs, executors, administrators, successors, reorganized successors, assigns, subsidiaries, affiliates, parent, divisions (including but not limited to "Audi" as herein defined) predecessors and authorized dealers shall be, and the same hereby are, released and discharged from any and all claims, causes of action and liability whatsoever, of every nature and kind whatsoever, known, unknown, suspected or unsuspected, including, but not limited to, any claims for compensatory and exemplary or punitive damages or equitable relief of any nature, that the Representative Plaintiff or any Class Member made or could have

5

made in this Litigation any and all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, matured or unmatured, at law or in equity, existing under federal and/or state law, that the Representative Plaintiff and/or any Class Member has or may have against the Released Persons arising out of or related in any way to disclosures regarding any original or replacement Smart Key, but do not include any claims for personal injury, product defect or malfunction or damage to property. Nothing in this release is intended to extend or limit any obligation of Defendant under the terms of any warranty or under California Vehicle Code §9954.

11. Nothing contained in the Agreement or in this Order and Final Judgment shall be deemed an admission or finding of wrongdoing by, or with respect to, any party, nor shall anything contained in the Agreement.

12. All Members of the Class who did not duly request exclusion from the Class in the time and manner provided in the Notice are hereby barred, permanently enjoined and restrained from commencing or prosecuting any action, suit, proceeding, claim or cause of action in any jurisdiction or court against Defendant or any of the other entities or persons who are to be discharged as noticed above in paragraph 10 based upon, relating to, or arising out of any of the matters which are discharged and released pursuant to paragraph 10 hereof.

13. The claims of the persons who elected to be excluded from the Class in the time and manner provided in the Notice are listed on the Schedule of Persons Electing to be Excluded from the Class attached hereto as Exhibit A.

14. If the Effective Date of the Settlement, as defined in the Agreement, does not occur for any reasons whatsoever, this Order and Final Judgement shall be deemed vacated and shall have no force and effect whatsoever.

15. The Court will separately rule and enter judgment on the issues of attorneys' fees, costs, interest and expenses and incentive award to the

6

Representative Plaintiff, Jacob Glasser, and shall separately enter judgment on such issues, in accordance with this Court's Order entered September 22, 2008 (Docket No. 58) herein.

16.     Without affecting the finality of the Order and Final Judgment in any way, the Court reserves continuing and exclusive jurisdiction over the Parties, including all Members of the Class as defined above, and the execution, consummation, administration and enforcement of the terms of the Agreement and the award of attorneys' fees, costs, interest and expenses and the award of reasonable costs and expenses to the Representative Plaintiff pursuant to the Agreement and any other matter related or ancillary to the foregoing.

17.     The Court finds that during the course of the Litigation, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

18.     The Court finds, pursuant to Rule 54(b), Fed. R. Civ. P., that there is no just reason for delay, and accordingly directs the Clerk to enter this Order and Final Judgment forthwith, which shall constitute a final determination of all

///

///

///

///

///

///

///

///

///

///

///

7

1  issues in this action other than attorneys' fees, costs, interest and expenses and the

2  award of reasonable costs and expenses to the Representative Plaintiff.

3  **IT IS SO ORDERED.**

4  DATED: October 06, 2008

5  _____
   HONORABLE AUDREY B. COLLINS
6  UNITED STATES DISTRICT COURT JUDGE

7  Respectfully Submitted by:

8  Jordan L. Lurie (SBN 130013)
   jlurie@weisslurie.com
9  Leigh A. Parker (170565)
   lparker@weisslurie.com
   Zev B. Zysman (176805)
10 zzysman@weisslurie.com
   **WEISS & LURIE**
11 10940 Wilshire Boulevard, 23rd Floor
   Los Angeles, CA 90024
12 Telephone:   (310) 208-2800
   Facsimile:   (310) 209-2348
13
   *Attorneys for Plaintiff and the Class*
14
   Craig L. Winterman (SBN 75220)
15 cwinterman@hrla.net
   **HERZFELD & RUBIN, LLP**
16 1925 Century Park East
   Los Angeles, CA 90067
17 Telephone:   (310) 553-0451
   Facsimile:   (310) 553-0648
18
   Daniel V. Gsovski (admitted *pro hac vice*)
19 dgsovski@herzfeld-rubin.com
   **HERZFELD & RUBIN, P.C.**
20 40 Wall Street
   New York, NY  10005-2349
21 Telephone:  (212) 471-8500
   Facsimile:   (212) 344-3333
22
   *Attorneys for Defendant*
23

24

25

26

27

28

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A

*Glasser v. Volkswagen of America, Inc.,*
Case No. CV06-2562 ABC (JTLx)
Order and Final Judgment - Exhibit A

SCHEDULE OF PERSONS ELECTING
TO BE EXCLUDED FROM THE CLASS

1.    Raul Abuchaibe
2.    Antoinette Lynne Alfaro
3.    Julia Babson Alling
4.    Jonathan Bridges
5.    J.H. Burks
6.    Veronica Creek
7.    Evelyn Davis-Frazier
8.    Harold F. and Carol Dreyer
9.    Shirley D. Dugan
10.   David A. Gallo
11.   Jonathan Gaskamp
12.   Louise Anita Ham
13.   Mary Ann Henry
14.   Caron L. Kline
15.   Rodolfo Llobet
16.   Daniel Michael Malmgren
17.   Eric S. Martin
18.   Kelli McIntyre
19.   Stephen E. and Barbara R. Mouring
20.   Phillip Neale
21.   Douglas G. Noble
22.   Mike Orlin
23.   Polly Pureheart
24.   Rick Saban
25.   Diane Sacks
26.   Timothy P. Scanlan
27.   Carol Siedelmann
28.   James R. Smith
29.   Lewis F. Staples
30.   Reginald A. Thatcher
31.   Cathy A. White

Exhibit A
Page 1 of 1